UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**HERBERT EUGENE LEE III**                                                              **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 3:23-CV-P350-JHM**

**RICHARD WILLIAMS** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff sues the City of Louisville, Louisville Metro Government, the Louisville Metro Police Department (LMPD), and LMPD Chief of Police Erika Shields in her official capacity only. He also sues five LMPD officers in both their official and individual capacities – Richard Williams, Joshua Pickering, Nicholas Hollkamp, Daniel Burnett, and Joel Voelker.

Plaintiff alleges that the Defendants Williams, Pickering, Hollkamp, Burnett, and Voelker used excessive force against him during the course of his arrest when they shot him several times. He also raises search and seizure claims against these Defendants based upon the same incident. Plaintiff seeks to hold the other Defendants liable for failing to train, supervise, and discipline LMPD officers who regularly violated these rights.

As relief, Plaintiff seeks damages.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.

2

*Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Eighth and Fourteenth Amendment

Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments. However, it is the Fourth Amendment that protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Moreover, because Plaintiff alleges that the LMPD officers used excessive force against him in the course of his arrest, it is the Fourth Amendment that applies to his excessive-force claims as well. *See Graham v. Connor*, 490 U.S. 386 (1989) (holding excessive-force in effecting arrest should be analyzed under the Fourth Amendment). Thus, the Court will dismiss Plaintiff's Eighth and Fourteenth Amendment claims for failure to state a claim upon which relief may be granted.

### B. Fourth Amendment

#### 1. Unlawful Search and Seizure

Plaintiff states that the Defendant LMPD officers used excessive force against him "in the course of an illegal and unlawful arrest, investigatory stop, and seizure of a 'free citizen.'" The Court finds that this assertion is a legal conclusion and lacks any supporting facts to state a claim for unreasonable search and seizure. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557. Thus, the Court will dismiss Plaintiff's Fourth Amendment unlawful search and seizure claims for failure to state a claim upon which relief may be granted.

#### 2. Excessive Force

Upon review of the complaint, <u>the Court will allow Fourth Amendment excessive-force claims to proceed against LMPD Officers Williams, Pickering, Hollkamp, Burnett, and Voelker in their individual capacities.</u> <u>The Court will also allow a claim to proceed against the Louisville Metro Government.</u> In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

### C. Redundant Claims

Plaintiff's claim against the City of Louisville must be dismissed as redundant to Plaintiff's claim against the Louisville Metro Government. Moreover, Plaintiff's claim against the LMPD is also against the Louisville Metro Government because municipal departments, such as police departments, are not suable under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that since the police department is not an entity which may be sued, the county is the proper party). Similarly, Plaintiff's official-capacity claims against LMPD Chief Shields and the five LMPD officers are also against the Louisville Metro Government. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits . . . 'generally represent [] another

4

way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

Thus, the Court will dismiss Plaintiff's claims against the City of Louisville, the LMPD, and his official-capacity claims as redundant to the continuing claim against the Louisville Metro Government.

### IV.

For the foregoing reasons, **IT IS ORDERED that Plaintiff's Eighth and Fourteenth Amendment claims and his Fourth Amendment claim for illegal search and seizure are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED that Plaintiff's official-capacity claims and his claims against the City of Louisville and the LMPD are DISMISSED as redundant to Plaintiff's continuing claim against the Louisville Metro Government.**

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate the City of Louisville, LMPD, and LMPD Chief Erika Shields as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development of this action.

Date: November 8, 2023

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants LMG, Williams, Pickering, Hollkamp, Burnett, and Voelker
Jefferson County Attorney
4414.011