UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| HERBERT EUGENE LEE, III | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 3:23-cv-00350-JHM |
| | ) | |
| RICHARD WILLIAMS | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| JOSHUA PICKERING | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| NICHOLAS HOLLKAMP | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| DANIEL BURNETT | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| JOEL VOELKER | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT GOVERNMENT | ) ) ) | |
| | ) | |
|     Defendants | ) | |

*ELECTRONICALLY FILED*

**RICHARD WILLIAMS, JOSHUA PICKERING, NICHOLAS HOLLKAMP, DANIEL BURNETT, JOEL VOELKER, AND LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT'S JOINT ANSWER TO PLAINTIFF'S COMPLAINT**

Come the Defendants, Richard Williams ("Williams"), Joshua Pickering ("Pickering"), Nicholas Hollkamp ("Hollkamp"), Daniel Burnett ("Burnett"), Joel Voelker ("Voelker"), and Louisville/Jefferson County Metropolitan Government ("Metro"), hereinafter collectively referred to as "Defendants", and for their answer to Plaintiff's complaint states as follows:

## INTRODUCTION

As a preliminary issue, Defendant addresses that this matter has been initiated by a *pro se* plaintiff, Herbert Eugene Lee, III. Plaintiff generally raises claims regarding the alleged forced used by Louisville Metro Police Department officers during the course of an investigatory stop which culminated in Plaintiff fleeing officers, firing a gun at and striking an officer, and the subsequent shooting of Plaintiff by officers. The Court reviewed Plaintiff's claims and allowed his Fourth Amendment claims to proceed against Defendants (DN 006).

Based on the Court's order, Defendants submit the following answer to Plaintiff's Complaint. Pursuant to the Court's Order, Defendants has attempted to restate the claims by Plaintiff the court has permitted to go forward as Defendants understand them.

## PARTIES

1. Plaintiff states he is currently incarcerated at Louisville Metro Department of Corrections ("LMDC"). Defendants lack knowledge or information sufficient to forma a belief about the truth of this allegation and it is therefore denied. Notwithstanding and subject to the aforementioned, according to KYCourtNet, Plaintiff appears to be held at LMDC pending trial in Jefferson County Circuit Court case numbers 23-CR-001373, 22-CR-001651, and 21-CR001633.

2. Plaintiff alleges Defendants are officers with Louisville Metro Police Department ("LMPD"). Defendants admit. Plaintiff has not alleged Metro as a party to this action, but the Court has construed the Complaint as making allegations against Metro. Defendants admit Metro is a municipal government which operates a police department, namely LMPD.

**PREVIOUS LAWSUITS**

3. Plaintiff states he has not previously filed any other lawsuits dealing with the subject of this lawsuit. Defendants are without sufficient information to admit or deny this allegation and therefore denies same.

**STATEMENT OF CLAIMS[1]**

1. Plaintiff alleges on July 10, 2022 Defendants used excessive force by shooting him five (5) times causing serious physical injury, life-long complications, and permanent disfigurement. Defendants admit that Plaintiff was short by police on or about July 10, 2022. The remaining averments are denied in who or in part because Defendants are without sufficient information to admit or deny same.

2. Plaintiff alleges Defendants engaged in an "illegal and unlawful arrest, investigatory stop, and seizure" which resulted in the aforementioned injuries. Defendants deny they were engaged in an "illegal and unlawful arrest, investigatory stop, and seizure."

3. Plaintiff alleges the aforementioned use of force was "not objectively reasonable in the light of the facts and circumstances confronting them." Defendants deny.

---

[1] Plaintiff has alleged violations of his constitutional rights under the 4th, 8th, and 14th amendments of the U.S. Constitution. The Court has dismissed the 8th and 14th amendment claims. DN 006. Therefore Defendants have restated and specifically answered only those claims the Court has permitted to survive. DN 007.

4. Plaintiff alleges the Defendants did not have "probable cause that I posed any type of threat of serious physical harm…" This is a legal conclusion not requiring a response. To the extent a response is required, Defendants deny.

5. Plaintiff alleges Defendants displayed "deliberate indifference" to the safety of Plaintiff and others. Defendants deny. Furthermore, Plaintiff lacks standing to raise claims on behalf of others, so to the extent he alleges Defendants were deliberately indifferent to "public safety," those claims are improperly raised. To the extent these averments required a response, they are denied.

6. Plaintiff alleges Metro, as a direct result of "failing to address, discipline and correct the numerous violations of the past involving LMPD, their supervisors, and employees…" Defendants caused the aforementioned injuries to him. Defendants deny.

7. Plaintiff restates the factual allegations in each portion

### RELIEF

8. To the extent Plaintiff claims he is entitled to monetary and punitive damages for the failure to protect claims the Court permitted to proceed, these are legal conclusions to which a response is not required. To the extent a response is required Defendants are without sufficient information as to Plaintiff's potential compensatory damages (which Plaintiff does not articulate), if any, and therefore denies same. Defendants deny Plaintiff is entitled to punitive damages.

### AFFIRMATIVE DEFENSES

1. Defendants are without sufficient information to admit or deny this allegation and therefore denies same.

2. Defendants deny each and every allegation not expressly admitted herein.

3. Defendants assert any and all applicable immunity defenses under the law, which are or may become applicable as proof develops, including, but not limited to, immunity under KRS 503.085, qualified immunity, governmental immunity, and/or sovereign immunity

4. The above-styled civil action should be dismissed for its failure to state a claim upon which relief can be granted.

5. Defendants deny that it and/or any of its employees has infringed upon any of the Plaintiff's rights, privileges, or immunities established or protected by the Constitution or laws of the United States of America or the Commonwealth of Kentucky.

6. At all times relevant to the Complaint, Defendants and/or its employees acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to its/their conduct and with an objectively reasonable belief that its/their actions were lawful.

7. At all times complained of, Defendants and/or and its employees were acting in their official capacity or capacities, in the course and scope of their employment and therefore was/were acting under privilege to engage in said conduct.

8. Defendants rely on the doctrines of official immunity and/or qualified immunity and sovereign immunity, either in whole or in part to the extent that discovery herein may reveal appropriate, as a complete bar to the Plaintiff's complaint and all damages claimed against them.

9. The complaint may be barred, in whole or in part, by the doctrines of waiver or estoppel.

10. The complaint may be barred, in whole or in part, by the applicable statute of limitations.

11. Defendants assert punitive damages are not available to Plaintiff under the claims filed, and/or are not warranted under the facts herein.

12. Defendant Metro asserts that Plaintiff was not injured as a result of any municipal action or inaction, and/or that municipal action or inaction was not the "driving force" behind his injuries.

13. Defendant Metro asserts that there was no underlying violation of federal statutory or constitutional rights and therefore it cannot be found liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 660, 98 S. Ct. 2018, 2020, 56 L. Ed. 2d 611 (1978).

14. Defendants affirmatively plead all available defenses per the Federal Civil Rules, including but not limited to assumption of the risk, estoppel, *res judicata* and unclean hands.

15. Defendants reserve the right to plead further herein, and specifically reserves the right to amend this Answer to assert any and all affirmative defenses which facts or discovery herein may reveal appropriate.

      WHEREFORE, Defendants demands as follows:

1. Dismissal of the complaint in its entirety, with prejudice; or alternatively, judgment in Defendants' favor;

2. A trial by jury on all triable issues;

3. Defendants' costs incurred in defending this action, to include a reasonable attorney fee; and

4. All other relief to which Defendants, jointly or severely, may appear entitled.

      Respectfully Submitted,
      MIKE O'CONNELL
      JEFFERSON COUNTY ATTORNEY

/s/ Roy C. Denny
By: Roy C. Denny
Assistant Jefferson County Attorney
200 S. Fifth St., Ste. 300N
First Trust Centre
Louisville, Kentucky 40202
Phone (502) 574-8083
EMAIL: roy.denny@louisvilleky.gov

*COUNSEL FOR DEFENDANT LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, RICHARD WILLIAMS, JOSHUA PICKERING, NICHOLAS HOLLKAMP, DANIEL BURNETT, AND JOEL VOELKER*

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned electronically filed the foregoing on December 6, 2023 using the Court's CM/ECF system which will send copies to counsel of record. A copy was also sent via USPS to:

Herbert Eugene Lee, III
Louisville Metro Department of Corrections
400 S. Sixth Street,
Louisville, KY 40202
*Plaintiff*

/s/ Roy c. Denny
*COUNSEL FOR DEFENDANT LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, RICHARD WILLIAMS, JOSHUA PICKERING, NICHOLAS HOLLKAMP, DANIEL BURNETT, AND JOEL VOELKER*