UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HERBERT EUGENE LEE III**                                                     **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:23CV-P350-JHM**

**RICHARD WILLIAMS** *et al.*                                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on the motion for summary judgment filed by Defendants Louisville Metro Police Department (LMPD) Officers Richard Williams, Joshua Pickering, Nicholas Hollkamp, Daniel Burnett, Joe Voelker (the "Defendant Officers"), and Louisville Metro Government (DN 25).[1]  Plaintiff Herbert Eugene Lee III, proceeding *pro se*, filed a response to the motion (DN 33), and Defendants filed a reply (DN 34).  For the reasons that follow, the motion for summary judgment will be granted.  The Court will also deny two pending motions filed by Plaintiff (DNs 37 and 40) and a pending motion filed by Defendants (DN 42) as moot.

**I**.

In the complaint (DN 1), signed under penalty of perjury, Plaintiff alleged that his Fourth Amendment rights were violated by the Defendant Officers on July 10, 2022, when "they used excessive/deadly force by shooting me five (5) times, causing serious physical injury, life-long complications and permanent disfigurement in the course of an illegal and unlawful arrest, investigatory stop, and seizure of a 'free citizen.'"  (DN 1, PageID #: 4).  He also asserted that this use of excessive force was "not objectively reasonable" and that the officers "did not have probable cause" that he posed a threat to them.  (*Id.*, PageID #: 4-5).  Plaintiff also alleged that Defendant

---

[1] Defendants' motion requests dismissal for lack of prosecution based on Plaintiff's failure to comply with the Court's prior Order (DN 23) to notify the Court within 30 days after the final resolution of his criminal case and moves for summary judgment in the alternative.  Because the Court finds that Defendants are entitled to summary judgment for the reasons stated herein, the Court will not address the motion for dismissal for lack of prosecution.

Louisville Metro Government was liable for the use of excessive force because of its "failing to address, discipline, and correct the numerous violations of the past involving LMPD, their supervisors and employees." (*Id.*, PageID #: 6).

Upon initial review of the above allegations pursuant to 28 U.S.C. § 1915A, the Court allowed Fourth Amendment excessive-force claims to proceed against the Defendant Officers in their individual capacities and against Louisville Metro Government. (DN 6).[2]  Defendants then moved to stay the action until the conclusion of Plaintiff's state-court criminal action arising out of the same incident alleged in the complaint. (DN 20).  The Court granted the motion to stay pending the final disposition of the criminal case in accordance with *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). (DN 23).  Defendants filed the instant motion (DN 25), and the Court directed Plaintiff to file an answer and lifted the stay. (DNs 26 and 27).

## II.

Defendants argue that they are entitled to summary judgment on Plaintiff's excessive-force claims because the claims are barred under the doctrine set forth in under *Heck v. Humphrey*, 512 U.S. 477 (1994). (DN 25, PageID #:153-55).  They maintain that Plaintiff pleaded guilty to four counts of "Wanton Endangerment in the First Degree (Police Officer)" and attach to their motion the Commonwealth's Offer on a Plea of Guilty signed by Plaintiff and his defense attorney (*Id.*, PageID #:160-64), Plaintiff's Motion to Enter Guilty Plea (*Id.*, PageID #:165-66), and Plaintiff's Judgment of Conviction and Sentence in his criminal action (*Id.*, PageID #: 167-70). Defendants assert that in entering his guilty plea Plaintiff admitted to the facts of the case, quoting the Commonwealth's Offer on a Plea of Guilty, which he signed, as follows:

---

[2] Upon the initial review under § 1915A, the Court dismissed Plaintiff's official-capacity claims, claims under the Eighth and Fourteenth Amendments, and claim for illegal search and seizure, as well as claims against the City of Louisville, LMPD, and former LMPD Chief Erika Shields.

> On July 10, 2022, the defendant was at the Dirt Bowl in Shawnee Park.  At the time, the defendant had multiple active warrants for his arrest. . . . When officers attempted to stop and arrest the defendant on his multiple warrants, the defendant fled from the police. While running, the defendant fired multiple shots from a handgun at officers.  The defendant's actions placed the officers at risk of death or serious physical injury.  One of the rounds struck Officer Pickering in the chest.  The round was stopped by his bulletproof vest . . . .

(*Id.*, PageID #:150 (citing PageID #:162)).  Defendants argue that Plaintiff could have raised the officers' use of excessive force as a defense to his charges for wanton endangerment but, because he did not raise the defense and instead pleaded guilty, his excessive-force claims in the instant suit are barred by *Heck*.  (*Id.*, PageID #:153-55).

Plaintiff filed a response to the motion in which he argues that his "plea agreement does not admit he was at fault for Defendant's use of excessive force, using gun fire when Plaintiff was no threat, running away."  (DN 33, PageID #: 187).

Defendants filed a reply in which they argue that Plaintiff's assertion in his response is not supported by evidence and not made under oath and that his plea agreement "expressly contradicts his assertion that he was not under threat" by stating, "'While running, the defendant fired multiple shots from a handgun at officers.  The defendant's actions placed the officers at risk of death or serious physical injury.'"  (DN 34, PageID: #192).  They assert, "Plaintiff's attempt to relitigate these facts is the exact situation the *Heck* rule was crafted to prevent."  (*Id.*).

**III.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the

moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted).

## IV.

### A. Defendant Officers

In *Heck*, the Supreme Court held that a state prisoner may not assert a § 1983 claim if success on that claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." 512 U.S. at 486-87. In excessive-force cases, the Sixth Circuit has identified two circumstances in which *Heck* may bar a § 1983 claim: 1) when the

criminal provision makes the lack of excessive force an element of the crime, or 2) when excessive force is an affirmative defense to the crime. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 609-10 (6th Cir. 2014) (citing *Schrieber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010)).

There is no dispute that Plaintiff pleaded guilty to four counts of first degree wanton endangerment of a police officer in connection with the events alleged in this action. Under Ky. Rev. Stat. § 508.060(1), "A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he or she wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person." However, under Kentucky's general self-defense statute, Ky. Rev. Stat. § 503.050(1), "[t]he use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person." Further, Ky. Rev. Stat. § 503.060(1) provides, "Notwithstanding the provisions of [Ky. Rev. Stat. §] 503.050, the use of physical force by a defendant upon another person is not justifiable when: . . . The defendant is resisting an arrest by a peace officer, recognized to be acting under color of official authority and using no more force than reasonably necessary to effect the arrest, although the arrest is unlawful." In *Ball v. Commonwealth*, No. 2008-SC-000430-MR, 2010 Ky. Unpub. LEXIS 14 (Ky. Mar. 18, 2010), the Kentucky Supreme Court found that Ky. Rev. Stat. § 503.060(1) "is operable only when the officer is 'using no more force that reasonably necessary[.]' An arrestee would, under the provision, of course be privileged to defend himself during an arrest against . . . gratuitous and unjustifiable brutality." *Id.* at *11-12 n.7.

Thus, Plaintiff could have raised a defense to the charges for first-degree wanton endangerment based on the Defendant Officers' use of excessive force, but he did not raise the

defense and pleaded guilty.  In his Motion to Enter Guilty Plea, he stated, "I have reviewed a copy of the indictment and told my attorney all the facts known to me concerning my charges.  I believe he/she is fully informed about my case.  We have fully discussed, and I understand, the charges and any possible defenses to them."  A ruling in this case that Plaintiff was subjected to excessive force by the Defendant Officers would necessarily imply the invalidity of Plaintiff's conviction and sentence.

The Court turns to Plaintiff's allegations in the complaint that the Defendant Officers actions were "not objectively reasonable" and that they did not have probable cause that he posed a threat to them.  These are legal conclusions, which the Court is not required to accept as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Further, Plaintiff's response stating that the Defendant Officers were "using gun fire when Plaintiff was no threat, running away" is not signed under penalty of perjury and, therefore, does not carry the weight of admissible evidence to defeat summary judgment.  *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).  Moreover, as Defendants argue, that statement is directly contradicted by Plaintiff's statement in his guilty plea that while he was running from the Defendant Officers he "fired multiple shots from a handgun at officers."  The Court also finds that Plaintiff does not allege any material gap in time between when he endangered the Defendant Officers and when they opened fire which establish that they were separate incidents and that success on Plaintiff's excessive-force claims would not render his conviction for wanton endangerment of the officers invalid.  *See Thompson v. Jenkins*, No. 4:22-CV-P57-JHM, 2024 U.S. Dist. LEXIS 191663, at *6 (W.D. Ky. Oct. 22, 2024); *cf. Phillips v. Curtis*, 765 F. App'x 130, 132 (6th Cir. 2019).

In a recent case before the Western District of Kentucky involving similar facts, the plaintiff sued a police officer for excessive force. *Noe v. Kennedy*, No. 1:24-CV-00041-GNS, 2025 U.S. Dist. LEXIS 63178 (W.D. Ky. Apr. 2, 2025). However, after the plaintiff pleaded guilty to first-degree wanton endangerment, the officer moved to dismiss the case on grounds the excessive-force claim was barred by *Heck. Id.* at *2. There, the Court found as follows:

> "[A]ccording to the Kentucky Supreme Court, '[o]ne cannot be guilty of first-degree wanton endangerment if his conduct does not, in part, create a substantial danger of death or serious physical injury to another person.'" *Thompson v. Jenkins*, . . . 2024 U.S. Dist. LEXIS 191663, . . . at *[5] . . . (quoting *Johnson v. Commonwealth*, 680 S.W.3d 814, 822 (Ky. 2023)). This Court has held that **"by pleading guilty to first-degree wanton endangerment of police officers, [a plaintiff] has admitted to conduct for which the officers were entitled to protect themselves, including the use of deadly force . . . ."** *Id.*; *see also Hart by & through Dillon v. Lawson*, No. 6:20-CV-147, 2024 U.S. Dist. LEXIS 11620 . . . , at *10 (E.D. Ky. Jan. 23, 2024); *Phillips v. Curtis*, 765 F. App'x 130, 132 (6th Cir. 2019) ("For placing [an officer] in substantial danger of serious death or injury would mean that, at that moment, [the officer] could use deadly force.") (citing *Tennessee v. Garner*, 471 U.S. 1 (1985))).

*Noe v. Kennedy*, 2025 U.S. Dist. LEXIS 63178, at *5-6 (emphasis added). The court found that the *Heck* doctrine barred the plaintiff's excessive-force claim because "it [sought] to impugn his guilty plea" and granted the motion to dismiss. *Id.* at *6.

For the same reasons, the Court finds that a finding in this case that the officers subjected Plaintiff to excessive force would impugn Plaintiff's guilty plea to the state charges. Therefore, the Court finds that Plaintiff's claims against the Defendant Officers are barred by *Heck* and that Defendants are entitled to judgment as a matter of law. [3]

### B. *Louisville Metro Government*

Because the Court has found that Plaintiff's claims against the Defendant Officers are barred by *Heck*, there is no underlying constitutional violation for which Louisville Metro

---

[3] Defendants also argue that they are entitled to summary judgment based on qualified immunity. Because the Court finds that the claims are barred by *Heck*, it will not review Defendants' qualified-immunity argument.

Government could be held liable. *See Richmond v. Mosley*, No. 23-1643, 2024 U.S. App. LEXIS 13980, at *6 (6th Cir. June 6, 2024). Therefore, Louisville Metro Government is also entitled to summary judgment.

**V.**

Finally, a review of the docket shows that Plaintiff has filed a motion for disclosure and discovery (DN 37) and a motion to compel discovery (DN 40) and Defendants filed a motion to stay discovery pending the resolution of their motion for summary judgment (DN 42). In Plaintiff's motion for disclosure and discovery, he requests a number of materials, including LMPD "funding policies, procedures, decisions, and amounts"; employment records of the Defendant Officers; all incident reports of LMPD "police misconduct, negligence, and/or malicious prosecution claims, and malfeasance (from January 1, 2021 through January 1, 2023)"; attorney visit logs and legal mails log from when Plaintiff was housed at Louisville Metro Department of Corrections; medical requests and lists of medications prescribed to him; body camera video from the date of the incident; and all discovery in Plaintiff's underlying criminal case.

Defendants filed a response to the motions arguing that Plaintiff did not request discovery in accordance with the Federal Rules of Civil Procedure, and they moved to stay discovery pending the resolution of their motion for summary judgment.

Even if this discovery had been properly requested under discovery rules, the Court has carefully reviewed Plaintiff's motions and finds that the discovery requested would not negate the Court's conclusion that Plaintiff's claims in this action are barred by *Heck* and that Defendants are therefore entitled to judgment as a matter of law. Therefore, the pending motions will be denied as moot.

**VI.**

For the reasons set forth above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (DN 25) is

**GRANTED** and all pending motions (DNs 37, 40, and 42) are **DENIED as moot**.  The Court will

enter a separate Judgment dismissing the action.

Date:     August 7, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.010